UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAWSON W. KURER,

Plaintiff,

v. Case No. 26-CV-1208

SGT. KERRIE RAINEY,
ERIN WHALEN, and
STEVEN JOHNSON,

Defendants.

---

## SCREENING ORDER

---

Plaintiff Dawson W. Kurer, who is currently serving a state prison sentence at Wisconsin Secure Program Facility and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $12.56. Plaintiff's motion for leave to proceed without prepayment of the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

In screening a complaint, the Court accepts the allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citation omitted). The Court notes, however, that the allegations in the complaint are just that, allegations; they are Plaintiff's version of the events that have purportedly occurred. With this in mind, the Court will summarize Plaintiff's allegations as presented in the complaint.

At all times relevant to the complaint, Plaintiff was incarcerated at the Milwaukee Secure Detention Facility. On December 24, 2023, Plaintiff woke up at 3:00 a.m. to urinate but noticed that the toilet would not flush. Plaintiff went back to sleep until 6:00 a.m. At that time, he informed the correctional officers that his toilet would not flush and that he had to defecate. They acknowledged what Plaintiff had said but did not do anything about it. (ECF No. 1 at 2.)

Plaintiff's cellmate started pouring sink water into the toilet thinking it would flush itself, but it did not drain. The water level mixed with both of their urine was up to the rim. Every time correctional officers conducted a round, Plaintiff stopped them to show them that the toilet was not usable and to advise that he needed to defecate. Sgt. Kerrie Rainey was in charge of the unit Plaintiff was housed in. She was at Plaintiff's cell multiple times and saw the clogged toilet. Over the hours, Plaintiff was told there was nowhere to bring Plaintiff to use a different toilet. (*Id.* at 2–3.)

After lunch, Plaintiff told Sgt. Rainey that he needed to go to the bathroom and could not hold it any longer, but she did not do anything to assist him. Plaintiff was able to hold it for seven hours. When he could not hold it any longer, he went to the bathroom on himself. Shortly

thereafter, Plaintiff's cellmate asked Sgt. Rainey to use a toilet, and within five minutes of his request, Sgt. Rainey let him leave the cell and use the restroom. Plaintiff alleges that Sgt. Rainey never liked him and she was being vindictive on purpose. After the fact, Plaintiff informed Unit Manager Erin Whalen and Warden Steven Johnson about Sgt. Rainey's conduct, but they did nothing to address it. (*Id.* at 3.)

## ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Plaintiff alleges that Sgt. Rainey violated his Eighth Amendment rights when she refused to let him use the toilet, resulting in Plaintiff going to the bathroom on himself. "[T]he Eighth Amendment prohibits punishments which, although not physically barbarous, 'involve the unnecessary and wanton infliction of pain,' or are grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 171 (1976)). A prisoner states a claim under the Eighth Amendment "when he plausibly alleges that the [incident] in question was motivated by the desire to harass or humiliate rather than by a legitimate justification, such as the need for order or security." *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015). Based on the allegations contained in the complaint, Plaintiff states an Eighth Amendment claim against Sgt. Rainey.

Plaintiff does not state a claim against Unit Manager Whalen and Warden Johnson, however. Section 1983 "creates a cause of action based on personal liability and predicated upon

fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). A supervisor is not liable for the alleged misconduct of his or her subordinates unless a plaintiff can demonstrate that the supervisor turned a blind eye to the misconduct while it was occurring. *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). Plaintiff does not allege that these defendants knew of or were personally involved in the deprivations of his constitutional rights. Instead, he alleges that he alerted them to Sgt. Rainey's conduct after the fact. For these reasons, Unit Manager Whalen and Warden Johnson will be terminated as defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Erin Whalen and Steven Johnson are **TERMINATED** as defendants.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Sgt. Kerrie Rainey.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Sgt. Kerrie Rainey shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $337.44 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each

time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Honorable Byron B. Conway
c/o Office of the Clerk
United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of

Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on August 5, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge